# CHARLESTON.

### H. C. ARDINGER v. C. F. ADAMS COMPANY

### (No. 5073)

Submitted September 16, 1924. Decided May 12, 1925.

NEW TRIAL—*Verdict Ignoring Set-Off Proven and Admitted by Plaintiff, Should be Set Aside on Motion of Defendant.*

A verdict, ignoring a set-off which has been proven and admitted by the plaintiff, should be set aside by the trial court on motion of the defendant.

(New Trial, 29 Cyc. p. 830).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Cabell County.

Action by H. C. Ardinger against the C. F. Adams Company. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Scott, Graham & Wiswell*, for plaintiff in error.

LITZ, JUDGE:

By virtue of a written contract (supplemental by oral agreement) between the parties, the plaintiff, H. C. Ardinger, was employed from January, 1920, to March, 1923, as sales agent of the defendant, C. F. Adams Company, a corporation, engaged in the sale of merchandise and household furnishings on the installment plan. In the sales made by the plaintiff for the defendant under this employment, a cash payment was usually collected by him from the purchaser on delivery of the goods. The collector of the defendant

thereafter called on the purchaser for weekly payments. Goods not paid for according to the terms of sale were repossessed by the defendant.

The written contract, which does not fix the amount of plaintiff's compensation, contains the following provision:

> "The applicant (H. C. Ardinger) agrees that all goods delivered to him for sale will be returned to the office on demand in good order, or turn in lease for same properly signed by third party.
>
> "Applicant understands that *all commissions* on any sales made by him shall be due and payable only when it has been collected by a regular collector, and that any money paid to him on account of commission shall not be construed as waiving this rule in any manner whatsoever.
>
> "Applicant agrees to be governed by all rules of the company now in force, or that at any future time may be put in force by them for the proper conduct of their business."

By the oral agreement, the plaintiff was to receive for his services under the contract of employment a regular or general commission of 20% on the sale price of the merchandise sold by him and an additional stipulated compensation, designated "wagon commission," for the use of his automobile or other vehicle in the business.

Immediately upon his discharge by the defendant in March, 1923, plaintiff instituted this action in assumpsit for $4,284.55, alleged amount of commissions due him by the defendant under the contract of employment.

The defendant by pleas of payment, and the general issue, denied the claim of plaintiff, and also filed notice of set-off amounting to $633.63, covering the following items: merchandise belonging to the defendant received and unaccounted for by the plaintiff, $576.97; cash advanced by plaintiff to the defendant, $12.16; cash belonging to the defendant collected, claimed by the plaintiff, $12.50.

Upon the trial, the plaintiff offered evidence of his claim to the amount of $1,800.06 for unpaid general and wagon commissions (without showing the respective amounts of the two kinds), and the defendant proved its set-off in the sum of $610.90. The plaintiff having virtually admitted

the defendant's set-off, and all evidence relating to his claim for general commissions being excluded, the only question remaining for determination by the jury was the amount, if any, to which the plaintiff was entitled for wagon commissions.

Upon this issue the plaintiff contends that he is entitled to wagon commissions (and general commissions) for every sale made by him on which one payment has been received by the collector. The defendant, on the other hand, asserts that the plaintiff should be paid on each sale regular commissions to the extent of the payments made by the purchaser of the goods, but is not entitled to wagon commissions in any case where the full purchase price has not been collected. The defendant apparently conceding that it has retained $178.00 of wagon commissions in accordance with its construction of the contract, the jury, without giving credit for the set-off, rendered a verdict in favor of the plaintiff for $178.00. To the judgment of the circuit court upon the verdict the defendant prosecutes error.

It will be observed that the position of neither the plaintiff nor defendant, respecting the conditions upon which wagon commissions are payable, accords with the written contract. We think the jury would have been justified in disregarding the contention of either or both parties and adopting the written contract, which makes no distinction in the payment of different kinds of commissions.

We are further of opinion, however, that the verdict is unwarranted in so far as it ignores the proven and admitted set-off of the defendant, and that, for this cause, it should have been set aside.

The judgment of the circuit court will, therefore, be reversed, the verdict set aside and a new trial awarded the defendant.

*Reversed and remanded.*